IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| SCOTT BRODE,<br><br>**Plaintiff**,<br><br>v.<br><br>MON HEALTH CARE, INC.<br>d/b/a MON HEALTH MEDICAL CENTER,<br><br>**Defendant**. | CIVIL ACTION NO.: 1:20-CV-253<br>(JUDGE KLEEH) |

**ORDER DISMISSING SECOND MOTION TO COMPEL AS MOOT, [ECF No. 61],
AND REPORT AND RECOMMENDATION RECOMMENDING
MOTION FOR CIVIL CONTEMPT, [ECF No. 56], BE DISMISSED AS MOOT**

On November 10, 2021, the Honorable District Judge Thomas S. Kleeh entered an Order [ECF No. 64] referring the Plaintiff's Motion for Civil Contempt Against Steve Carter [ECF No. 56] to the undersigned Magistrate Judge so he may consider the record and issue a report and recommendation for the disposition of the motion and referring the Plaintiff's Second Motion to Compel, [ECF No. 61], so he may consider the record and do all things proper as to render a decision.

Based upon the parties' agreed resolution, as articulated below, and put forth on the record during the December 21, 2021 Status Conference, the undersigned now **ORDERS** that Plaintiff's Second Motion to Compel 30(B)(6) Corporate Designee Deposition, [ECF No. 61], be **DISMISSED AS MOOT**. The undersigned further reports his findings below and **RECOMMENDS** that the Court likewise **DISMISS AS MOOT** Plaintiff's Motion for Civil Contempt Against Steve Carter. [ECF No. 56].

## I.     RELEVANT BACKGROUND

On December 9, 2021, the undersigned Magistrate Judge conducted a status conference regarding both motions. Counsel Ambria M. Britton appeared on behalf of the Plaintiff; counsel Kameron T. Miller appeared on behalf of the Defendant Mon Health Care, Inc. ("Mon Health").

At the December 9 Status Conference, the parties first addressed the Motion for Civil Contempt, [ECF No. 56]. Plaintiff's counsel advised the Court that the Plaintiff is seeking limited information from Mr. Steve Carter, which may be made available through a stipulation by the parties or through a written statement or affidavit from Mr. Carter, which would obviate the need for a second deposition and would render the prior motion for contempt moot. Plaintiff's counsel clarified that they are seeking information regarding Mr. Carter's age, the date of his termination from employment, and information regarding the cause or circumstances of his termination.

Counsel for Mon Health emphasized that Mr. Carter is no longer an employee of Mon Health and is, therefore, not within Defendant's control as to require responses. Counsel for Mon Health reiterated their concerns about the costs and fees associated with a second deposition. However, counsel for Mon Health represented that they would be agreeable to communicate with Mr. Carter and attempt to get the information sought by Plaintiff in writing from Mr. Carter for the efficiency of all parties.

The parties next addressed the Second Motion to Compel 30(B)(6) Corporate Designee Deposition, [ECF No. 61]. Plaintiff's counsel advised the Court that the Plaintiff is seeking crucial information regarding the employees, Keith Click, Richard Penaldi, and Thomas Borden. Specifically, Plaintiff was seeking information regarding the employees' ages, their education, and what certifications and trainings have been offered to them since the start of their employment with Mon Health. Counsel for the Plaintiff conceded that the topic of these three employees was not noticed in the original 30(b)(6) notice provided to Defendant as information developed in

discovery, including through these depositions which necessitated further information and discovery regarding these three employees.

Counsel for Mon Health reiterated Defendant's concerns about the costs and fees associated with three more depositions at this stage of litigation, especially considering Motions for Summary Judgment and replies have been filed. Counsel for Mon Health stated that information regarding the three employees, their ages, educational history, and what certification and training have been offered may be able to be provided through stipulations and supplemental written discovery.

Counsel for Mon Health further stated on the record that testimony provided by Rocky Cooper at his deposition, even though he testified at the deposition as a fact witness, may be considered as testimony in his capacity as a managerial employee of Mon Health and, thus, Mon Health will be bound by those statements.

After the hearing, the undersigned, by Order, [ECF Nos. 81 and 82], held the two motions in abeyance, further directed that the parties meet and confer regarding the motions, and scheduled a Status Conference by video for December 21, 2021.

At the December 21 Status conference, the parties again appeared by video with counsel Ambria M. Britton appearing on behalf of the Plaintiff and counsel Kameron T. Miller appearing on behalf of the Defendant Mon Health. The parties represented to the Court that all issues and requested presented in the two motions have been resolved by agreement among the parties. Counsel for Defendant stated she has spoken with Steve Carter and received the information requested by Plaintiff. Moreover, counsel for the Defendant stated the information sought regarding the three employees has been retrieved.

The parties put forth on the record that the information sought from Steve Carter shall be provided to Plaintiff's counsel through stipulation from Mon. Health or by affidavit from Steve Carter. The parties further represented that the information regarding the three employees sought in the Second Motion to Compel shall be provided through supplemental written discovery through the delivery of BATES-stamped documents. Further, regarding the pension information sought in the Second Motion, Plaintiff's counsel stated the information provided by Rocky Cooper is sufficient as Counsel for the Defendant has stated on the record that Mon. Health will be bound by his testimony previously provided. has been retrieved regarding the three employees. The parties believe all information sought can be procured and provided to Plaintiff's counsel on or before January 7, 2022.

## II.     CONCLUSION

At the December 21, 2021 Status Conference, the parties represented to the Court that all issues in the two motions have been resolved by agreement, and the terms of said agreement were put forth on the record. The undersigned believe this renders all issues in Plaintiff's Second Motion to Compel 30(B)(6) Corporate Designee Deposition, [ECF No. 61], and Plaintiff's Motion for Civil Contempt Against Steve Carter. [ECF No. 56], moot.

Accordingly, the undersigned now **ORDERS** that Plaintiff's Second Motion to Compel 30(B)(6) Corporate Designee Deposition, [ECF No. 61], be **DISMISSED AS MOOT**. As put forth on the record, Defendant's counsel is **ORDERED** provide the requested information to Plaintiff's counsel **on or before January 7, 2022.**

It is so **ORDERED**.

The undersigned further **RECOMMENDS** that the Court, through Honorable District Judge Thomas S. Kleeh, likewise, **DISMISS AS MOOT** Plaintiff's Motion for Civil Contempt Against Steve Carter. [ECF No. 56].

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Order and Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: December 21, 2021.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE