```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

SCOTT BRODE,

    Plaintiff,

  v.                                      CIVIL NO. 1:20-CV-253
                                                           (KLEEH)

MON HEALTH CARE, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE**

Pending before the Court are six motions in limine. The Court will discuss each in turn. At the outset, the Court notes that the only claim remaining is Count One (Age Discrimination). The Court further ruled that Brode cannot argue that his resignation/departure from Mon Health or Mon Health's promotion of John Shaver over Brode constituted acts of age discrimination. See ECF No. 138.

    **A.   Brode's Motion in Limine – Social Media Posts [ECF No. 111]**

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, Brode has moved the Court to exclude evidence related to his social media posts. Brode did not attach the social media posts to the motion, but Mon Health attached them to its response. Brode created the social media posts after leaving Mon Health, and some of them appear to indicate that he was happy. In response, Mon Health argues that the social media posts are relevant to the

question of damages because they reveal Brode's mental state before and after his resignation.

The Court agrees with Mon Health on this issue. Brode's social media posts show that he was upbeat and optimistic the day after leaving Mon Health and during the following months. See Exh. C to Response, ECF No. 130-3. On July 3, 2019, he wrote,

> No tears here, enjoying my first day of retirement – heading up to Muddy Creek!!!! Every day we have plenty of opportunities to get angry, stressed or offended. But what you're doing when you indulge these negative emotions is giving something outside yourself power over your happiness. You can choose to not let little things upset you!!!

Id. (Brode 000540). On August 2, 2019, Brode wrote,

> Today marks my first month anniversary of leaving Mon Health – I can honestly say, life has been grand!!!!! Life doesn't end at 60 – it's just the beginning!!!! The secret of genius is to carry the spirit of the child into old age, which means never losing your enthusiasm!!!!!
>
> I crammed in a lot my first month of not working – ziplined over the Grand Canyon, rode in a biplane in Midland, VA, skydived in Mercer, PA, tubed behind a boat at Deep Creek Lake, Md., and mountain glided in Gatlinburg, TN!!!!

Id. (Brode 000096).

As Mon Health points out, Brode seeks damages for emotional distress, anxiety, fear, embarrassment, and humiliation. See Am. Compl., ECF No. 4-3, at ¶ 51. Brode testified during his

deposition about his alleged emotional distress. See Exh. B, Brode Dep. at 122:1-125:19. Brode's social media posts are relevant to his state of mind, his level of emotional distress, and, overall, the issue of damages in this case. Their probative value is not "substantially outweighed," as is required by Rule 403, by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. As such, Brode's motion is **DENIED** [ECF No. 111].

### B. Brode's Motion in Limine – Dismissed Claims [ECF No. 112]

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, Brode has moved the Court to exclude evidence related to claims dismissed before trial. Counts Three (Gender Discrimination/Stereotyping) and Four (Sex Discrimination) were dismissed from the Amended Complaint on November 18, 2021. In response, Mon Health argues that the Court should prevent both parties, not just Mon Health, from introducing evidence related to the dismissed claims.

The Court agrees that the dismissed claims are irrelevant and **GRANTS** Brode's motion [ECF No. 112]. Both parties are precluded from introducing evidence or argument relating to Count Three, Count Four, or any alleged discrimination against Brode by Mon Health on the basis of gender or sex.

BRODE V. MON HEALTH                                                    1:20-CV-253

**MEMORANDUM OPINION AND ORDER ADDRESSING MOTIONS IN LIMINE**

### C. Mon Health's Motion in Limine – Reduction in Force [ECF No. 113]

Pursuant to Rule 403, Mon Health has moved the Court to exclude any evidence related to an alleged Reduction in Force ("RIF") at Mon Health. In Brode's response to Mon Health's motion for summary judgment, he alleged that there was a RIF at Mon Health that made Brode believe that his employment could have been terminated at any time. See Response, ECF No. 79, at 18. Mon Health argues that the probative value of this evidence is "minimal at best," focusing on how the evidence should not be admitted to prove constructive discharge. In response, Brode also focuses on how the evidence can relate to constructive discharge. Brode also argues that evidence related to a RIF is a motive of Mon Health in its disparate treatment of Brode.

The Court has previously found that Brode may not assert a theory of constructive discharge at trial. Still, the Court finds that RIF evidence is relevant to the remaining age discrimination claim to the extent that it could support an inference of discrimination. Its probative value is not "substantially outweighed," as is required by Rule 403, by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. While the evidence is relevant, the Court agrees that Tammy Henry's testimony could potentially be hearsay. The Court will address

this issue as it comes up during trial. As such, the motion is **DENIED** [ECF No. 113].

### D. Mon Health's Motion in Limine – Mon Health's Financial Situation [ECF No. 114]

Mon Health has moved the Court to exclude argument or evidence related to Mon Health's financial condition unless or until Brode lays a proper foundation to sustain a claim for punitive damages at trial. Mon Health argues that its financial condition would only be relevant to punitive damages. It argues that if Brode is allowed to reference Mon Health's financial condition, size, or similar evidence in its opening statement, it could irreversibly and unfairly prejudice Mon Health. Therefore, the Court should exclude such evidence until the showing of punitive damages is made. In response, Brode argues that courts have reserved the issue of financial standing when cases are bifurcated. Mon Health, he argues, has taken no steps to bifurcate the trial.

Punitive damages are only appropriate when a plaintiff has shown that a defendant acted "maliciously, oppressively, wantonly, willfully, recklessly, or with criminal indifference to civil obligations . . . ." Haynes v. Rhone-Poulenc, Inc., 521 S.E.2d 331, 348 (W. Va. 1999) (citation omitted). Mon Health cites a number of cases in which this Court has granted the requested relief, but in at least two of these cases, the trial was bifurcated. See Kartman v. Markle, No. 5:10CV106, 2015 WL 3952639,

at *3 (N.D.W. Va. June 29, 2015) (Stamp, J.); Coe v. Liberty Mut. Fire Ins. Co., No. 5:04-CV-8, 2005 WL 6735327, at *2 (N.D.W. Va. Apr. 18, 2005) (Stamp, J.).  The Court finds that this request by Mon Health would be more appropriately addressed via a motion to bifurcate under Rule 42 of the Federal Rules of Civil Procedure.  At this time, the motion is **DENIED with leave to refile** [ECF No. 114].[1]

> **E. Mon Health's Motion in Limine – Computer Trainings [ECF No. 115]**

Pursuant to Rule 403 of the Federal Rules of Evidence, Mon Health has moved the Court to preclude any argument or evidence related to training received by alleged comparators at Mon Health. In Brode's response to the motion for summary judgment, he contends that younger employees received training that he did not receive, despite his requests for it.  Mon Health argues that this evidence has "negligible" probative value and risks substantial unfair prejudice to Mon Health, so the Court should preclude its introduction under Rule 403.

In response, Brode writes that Mon Health's placing Brode in a new role without sufficient training set him up to fail, directly altered the conditions of his employment, and led to his ultimate

---

[1] If, ultimately, evidence of Mon Health's financial status is introduced but Plaintiff does not meet its evidentiary burden regarding punitive damages, the Court would anticipate issuing a limiting instruction to the jury regarding its assessment of evidence pertaining to Mon Health's financial status.

constructive discharge. Brode argues that Mon Health's offering training to a group of younger employees while excluding an older employee who has specifically requested training is evidence of disparate treatment.

The Court has already found that neither Brode's resignation/departure from Mon Health nor the failure to promote Brode can form the basis of an age discrimination claim at trial. Thus, the only adverse employment action (of which the Court is aware) that Brode may choose to assert at trial is his transfer to the position of IT Security Analyst. The Court has already found that the evidence of younger employees' receiving training — after Brode repeatedly asked for training and was denied — supports an inference of age discrimination and supports a finding of pretext. As such, the evidence is an integral part of Brode's age discrimination claim. Its probative value is not "substantially outweighed," as is required by Rule 403, by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. This motion is, therefore, **DENIED** [ECF No. 115].

F.  **Mon Health's Motion in Limine – Retirement Plan [ECF No. 116]**

Pursuant to Rule 403 of the Federal Rules of Evidence, Mon Health has moved the Court to preclude any argument or evidence related to Mon Health's retirement plan. In Brode's sur-reply to

the motion for summary judgment, Brode contended that Mon Health conspired to force him and other employees out of their jobs in retaliation for drawing benefits from Mon Health's retirement plan. Mon Health argues that nothing in the record supports this claim, and further, if Brode is permitted to present it to the jury, it would inevitably confuse the issues and unfairly prejudice Mon Health.

In response, Brode argues that this evidence establishes a motive for Mon Health's constructive discharge of Brode. While the Court has already found that Brode cannot assert constructive discharge at trial, the Court agrees that evidence regarding Mon Health's retirement plan supports an inference of discrimination with respect to Brode's transfer to a new role as IT Security Analyst. Brode has produced facts indicating that his work performance was never criticized until he applied for his retirement benefits. This evidence can also show pretext. Its probative value is not "substantially outweighed," as is required by Rule 403, by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. As such, the motion is **DENIED** [ECF No. 116].

For the reasons discussed above, the Court hereby **ORDERS** the following:

- Brode's motion in limine regarding social media posts is **DENIED** [ECF No. 111];

- Brode's motion in limine regarding dismissed claims is **GRANTED** [ECF No. 112];

- Mon Health's motion in line regarding Mon Health's reduction in force is **DENIED** [ECF No. 113];

- Mon Health's motion in limine regarding its financial situation is **DENIED with leave to refile** [ECF No. 114];

- Mon Health's motion in limine regarding computer trainings is **DENIED** [ECF No. 115]; and

- Mon Health's motion in limine regarding its retirement plan is **DENIED** [ECF No. 116].

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 31, 2023

_Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA